[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-14520
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 15, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00436-CV-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE RAY KAHN, et al.,

Defendants,

MILTON HARGRAVES BAXLEY, II,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(June 15, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Milton Hargraves Baxley II appeals pro se the district court's order permanently enjoining him from, among other things, representing others before the Internal Revenue Service ("IRS") and engaging in activities that interfere with the administration and enforcement of the internal revenue laws. The district court issued the permanent injunction pursuant to 26 U.S.C. §§ 7402(a) and 7408(a).[1]  No reversible error has been shown; we affirm.

The government filed a complaint alleging that Baxley and his co-defendants promoted and sold abusive tax schemes through American Rights Litigators ("ARL") and its successor entity, Guiding Light of God Ministries.[2] The complaint also alleged that, for a fee, persons joining ARL could complete a power-of-attorney form that authorized Baxley to represent them before the IRS.

According to the government, the IRS received over 1,500 power-of-attorney forms listing Baxley as the authorized representative; and on behalf of ARL members, Baxley (1) drafted letters to the IRS that made frivolous arguments about the internal revenue laws, (2) drafted complaints to the Treasury Inspector

---

[1]In issuing the permanent injunction, the district court concluded that Baxley had violated 26 U.S.C. § 6701, which penalizes a person who, among other things, assists in the preparation of a document that the person knows, or has reason to believe, will be used in a material matter under the internal revenue laws and would result in an understatement of tax liability.  To the extent that Baxley argues that the record does not demonstrate that he violated the separate provision of 26 U.S.C. § 6700, we do not consider these claims.

[2]We will refer to these entities as "ARL" throughout our opinion.

General for Tax Administration ("TIGTA"), which falsely accused IRS employees of misconduct, (3) drafted frivolous requests pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act demanding nonexistent documents,[3] (4) interfered with IRS administrative summonses by demanding that the summoned party not comply with the IRS, (5) wrote letters for customers to mail to the IRS indicating that they would not cooperate with the IRS, and (6) represented customers in hearings and meetings with the IRS during which Baxley made frivolous arguments and refused his customers' cooperation.

The district court entered a preliminary injunction against Baxley and his co-defendants, barring them from acts including (1) preparing, or assisting in the preparation of, TIGTA complaints, FOIA/Privacy Act requests, and correspondence to the IRS on behalf of another person or entity, (2) representing another person or entity before the IRS, (3) falsely advising anyone that they are not required to file federal tax returns or to pay federal income taxes, and (4) engaging in conduct that substantially interferes with the administration and enforcement of the internal revenue laws. The preliminary injunction also barred Baxley and his co-defendants from engaging in other wrongdoing committed by

---

[3]The government explained that, although Baxley did not personally write each letter, TIGTA complaint, and FOIA/Privacy Act request referenced in the complaint, he gave ARL permission to use his drafts of these documents in exchange for a fee.

ARL, including assisting in the preparation of documents claiming to "decode" IRS files and the preparation of Uniform Commercial Code forms purporting to give the customer a security interest in himself, his name, birth certificate, or property.

After a bench trial, the district court entered a permanent injunction against Baxley.[4] The district court explained that Baxley violated the preliminary injunction by continuing to assist in sending to the IRS false and frivolous letters, which advocated that the IRS lacked authority either to collect federal income taxes or to request tax-related information and which disputed that Baxley's personal clients had to pay federal income taxes. The district court rejected Baxley's argument that the preliminary injunction only barred Baxley's acts done through ARL and did not apply to Baxley's acts with personal clients.[5]

On appeal, Baxley contends that the district court's injunction is not supported by substantial evidence in the record. Baxley acknowledges that he authorized ARL to place his name on power-of-attorney documents and to use his

---

[4]Because Baxley's co-defendants did not respond to the government's complaint, the district court already had entered a default judgment and a permanent injunction against them.

[5]And in issuing the permanent injunction, the district court explained that (1) the United States and the public would suffer irreparable harm without the permanent injunction; (2) Baxley would suffer little harm from the injunction; (3) Baxley's arguments about why he violated the preliminary injunction were frivolous; and (4) without the permanent injunction, Baxley would continue to violate 26 U.S.C. § 6701 and to interfere with the administration of the internal revenue laws.

signature on pre-approved letters to the IRS; but he argues that ARL used his name and signature on additional documents. Baxley also contends that arguments made in his letters to the IRS were based on the United States Constitution or federal law; and he argues that he terminated his relationship with his co-defendants before the government sought an injunction against him.

"We review the district court's order granting an injunction for abuse of discretion." KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1266 (11th Cir. 2006). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004) (internal quotation omitted). Also, "an abuse of discretion occurs if the district court imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large." Id.

The district court did not abuse its discretion in entering the injunction against Baxley. Before the district court issued the preliminary injunction, Baxley--in exchange for fees--authorized ARL to place his name and signature on power-of-attorney forms for ARL customers. In addition, Baxley drafted a letter to the IRS asserting that a client was not required to pay federal income taxes and

5

demanding--within 20 days of the IRS's receipt of the letter--that the IRS provide information about the legal authority that requires Baxley's client to file a federal income tax return. Baxley also filed many frivolous TIGTA complaints, which TIGTA spent over 2,000 hours investigating; and he sent letters to the IRS stating that the name of his client should not be listed in capital letters and that a person identifying himself as an IRS revenue agent actually was a "Commonwealth Internal Revenue Agent of the Department of the Treasury of Puerto Rico." He also sent letters to the IRS demanding that the IRS provide information about its authority to investigate the tax liability of Baxley's clients.

Even after the preliminary injunction was entered against Baxley--when he claimed he no longer had a relationship with ARL and his co-defendants--Baxley drafted many letters for his clients to send to the IRS. These letters asked the IRS to provide Baxley's clients with several items, including a copy of the IRS revenue agent's identification, the authority permitting the IRS to investigate his client's tax obligations, and a sworn statement by the IRS informing Baxley's client about what tax he is obligated to pay. The letters also stated that, if the IRS did not provide the requested information within five days, Baxley's client would not meet with the IRS and that it "shall be conclusively presumed" that Baxley's client is not required to file a federal tax return. Baxley also admitted preparing letters

that asserted that the IRS was violating his clients' right to privacy and that his clients were not required to provide requested information to the IRS.

By continuing to write false and frivolous letters to the IRS, Baxley violated the terms of the preliminary injunction and continued to interfere with the administration of the internal revenue laws. The permanent injunction issued by the district court was supported by the record and was not an abuse of discretion.

Baxley also argues that the permanent injunction is a prior restraint on his speech and violates his First Amendment rights. We review questions of constitutional law de novo. Loyd v. Alabama Dep't of Corr., 176 F.3d 1336, 1339 (11th Cir. 1999). The Supreme Court has explained that, when reviewing whether an injunction is consistent with the First Amendment, we must ask "whether the challenged provisions of the injunction burden no more speech than necessary to serve a significant government interest." Madsen v. Women's Health Ctr., Inc., 114 S.Ct. 2516, 2525 (1994).

Here, the district court's permanent injunction was tailored to prohibit the activities of Baxley and ARL that had frustrated federal tax administration. The injunction does not burden more speech than necessary to achieve the government interest of preventing Baxley's interference with the enforcement of the internal revenue laws.

AFFIRMED.